**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

KAYLA TACKER                                                                                          PLAINTIFF

v.                                          3:16CV00271-JLH-JTK

SUSAN COX, et al.                                                                                 DEFENDANTS

## ORDER

### I.    In Forma Pauperis

Plaintiff Tacker, an inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has filed a Motion to Proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (Doc. No. 1). This includes the appropriate financial information which makes the showing required by the statute; therefore, Plaintiff's Motion will be granted.[1]

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[2] Plaintiff has been without sufficient funds for six months and is presently without sufficient funds. Accordingly, the Court will not assess an initial partial filing fee. Plaintiff

---

[1]    The Plaintiff is hereby notified of her responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

    If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to FED.R.CIV.P. 41.

    In addition, if Plaintiff has not completely exhausted her administrative remedies with respect to all her claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. Sect. 1997e, she may file a motion to dismiss her unexhausted claims.

[2]Effective May 1, 2013, the filing fee for civil cases increased to $400, due to the implementation of a new $50 administrative fee. However, this fee does not apply to inmates granted leave to proceed in forma pauperis.

1

is obligated, however, to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00, until the filing fee is paid in full.   Plaintiff's present custodian, the Poinsett County Detention Center, is required to send to the Clerk of the Court these payments from Plaintiff's prison trust account until the statutory filing fee of $350 is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).  But regardless whether a plaintiff is represented or appearing pro se, the complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III.    Analysis

Plaintiff alleges on August 29, 2016, she fell while taking a shower at the Jail and hurt her arm, and had not been taken to the doctor as of September 9, 2016. She also alleges the improper ventilation of the shower and two inches of moldy water on the floor caused her fall. Although she names four individuals as Defendants, she only mentions Defendants Marshall and Cox in her Statement of Claim, and does not include any allegations of improper/unconstitutional conduct against named Defendants Kendall and Mills. In addition, her allegations that Defendant Marshall put ice on her arm and told her she would see the doctor soon, fail to support a claim for deliberate indifference. Similarly, her allegation that Defendant Cox examined her arm on August 31, and told her it looked broken, does not state a deliberate indifference claim. Therefore, Plaintiff's Complaint as it stands does not state a claim for relief against Defendants.

The Court will provide Plaintiff the opportunity to amend her Complaint with respect to her allegations against the named Defendants and any additional Defendants she wishes to name. If she

decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains all of her claims against all Defendants she is suing in a single document.  Plaintiff is cautioned that an Amended Complaint renders her original Complaint without legal effect.[3]  Only claims properly set out in the Amended Complaint will be allowed to proceed.  Therefore, Plaintiff's Amended Complaint should: **1) name all the parties she believes deprived her of her constitutional rights and whom she wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner;  3) indicate whether she is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how she was harmed; and 5) state if she was a pretrial detainee at the time of the incident.  Plaintiff must set forth specific facts concerning the allegations she has set forth including, where applicable, dates, times and places.**

## IV.    Pleadings

The Court is sensitive to the fact that <u>pro</u> <u>se</u> litigants like Plaintiff are not trained in the law and will give deference to a <u>pro</u> <u>se</u> plaintiff where the law requires.  However, all parties, including <u>pro</u> <u>se</u> litigants, must comply with substantive and procedural law.  <u>Brown v. Frey</u>, 806 F.2d 801, 804 (8th Cir. 1986).  Accordingly, the Court will only consider claims properly pled in a Complaint or in a superseding Amended Complaint.  Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

## V.    Conclusion

IT IS, THEREFORE, ORDERED that:

---

[3]"An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" <u>In Home Health, Inc. v. Prudential Ins. Co. Of America</u>, 101 F.3d 600, 603 (8th Cir. 1996), quoting <u>International Controls Corp. V. Vesco</u>, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

1.      Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 1) is GRANTED.

2.      Plaintiff is obligated to pay the statutory filing fee of $350 for this action.  Plaintiff's present custodian, the Administrator of the Poinsett County Detention Center, and any future custodians shall collect monthly payments from Plaintiff's prison trust account in an amount equal to 20 percent of the preceding month's income credited to the prisoner's trust account each time the amount in the account exceeds $10.00, and shall forward those payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350 has been collected and forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and number assigned to this action.

3.      Plaintiff may file an Amended Complaint in accordance with the above instructions within thirty (30) days from the date of this Order.  The Clerk shall mail Plaintiff the Court-provided 42 U.S.C. § 1983 Complaint form.  Upon the filing of the Amended Complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).  Plaintiff's failure to comply with the Court's instructions may result in the dismissal of this action.  See Local Rule 5.5(c)(2).

4.      The Clerk of the Court is directed to send a copy of this Order to the Poinsett County Detention Center, 1500 Justice Drive, Harrisburg, AR 72432.

IT IS SO ORDERED this 6th day of October, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE